# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 14-81395-CIV-Marra/Matthewman

**Federal Trade Commission and State of Florida,**

<div style="margin-left:2em">Plaintiffs,</div>

<div style="margin-left:2em">v.</div>

**Inbound Call Experts, LLC, et al.,**

<div style="margin-left:2em">Defendants.</div>

## PROTECTIVE ORDER

The Court enters this protective order pursuant to Fed. R. Civ. P. 26(c).

1.    An attorney marking material as "Confidential Material" certifies in good faith that it contains:

    a)    sensitive personal information, or

    b)    trade secret(s) or other confidential research, development, or commercial information.

2.    "Sensitive Personal Information" means any:

    a)    Social Security number;

    b)    sensitive health-related data including medical records;

    c)    biometric identifier; or

    d)    any one or more of the following when combined with an individual's name, address, or phone number:

        i)    date of birth,

        ii)    driver's license or other state identification number, or a foreign equivalent,

        iii)    military identification number,

<div style="text-align:center">1</div>

        iv)     passport number,

        v)     financial institution account number,

        vi)    credit or debit card number; or

    e)    other sensitive information relating to an individual entitled to confidential status under applicable law, by order of this Court, or by agreement of the parties.

3.    Confidential Material must be designated as follows:

    a)    Mark paper materials "CONFIDENTIAL." If paper material is only confidential in part, mark only the page or portions of the material that are confidential.

    b)    Mark electronic materials "CONFIDENTIAL" by marking each electronic page or subpart that is confidential. If the electronic material cannot be marked by page or subpart, the designee shall meet and confer with the recipient to determine a means to delineate the confidential material. Also mark the electronic storage medium, as well as any electronic file and folder name CONFIDENTIAL.

    c)    Designate deposition transcripts as Confidential Material within 10 days of receipt of the final transcript by identifying the specific page(s) and line number(s) that are confidential. If testimony is identified as confidential during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until the time for designation expires.

4.    An inadvertent failure to mark Confidential Material prior to disclosure does not preclude a subsequent designation, but no prior disclosure of newly designated Confidential Material by a recipient shall violate this Order. Plaintiffs acknowledge that they obtained documents in this case on an expedited basis pursuant to the Temporary Restraining Order issued

in this case and agree that Defendants may still designate materials already received by the Plaintiffs as Confidential Material pursuant to this paragraph.

5.      The protections conferred by this Order cover not only Confidential Material but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof (hereinafter referred to collectively as "copies"), plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information. All copies of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the appropriate legend, CONFIDENTIAL, if that legend does not already appear.

6.      Within ten (10) days of a written objection to the designation of Confidential Material, the designating party must move the Court to uphold the designation. The burden of proving that the designation is proper is on the designating party. Failure to seek timely an order upholding the designation terminates confidential treatment.

7.      Confidential Material may only be disclosed to:

    a)      the Court and court personnel;

    b)      the attorneys and other employees of the Commission's Bureau of Consumer Protection  and other designated employees of the Commission to the extent necessary to assist in the litigation, and attorneys, and to the extent necessary employees assisting in the litigation, of the Florida Attorney General's Office;

    c)      the Defendants (including all named individual defendants in the action), and designated employees of the Defendants only to the extent necessary to assist in the litigation;

    d)      the parties' outside counsel, and designated employees of such counsel only to the extent necessary to assist in the litigation;

    e)      experts and contractors consulted or retained by the parties or counsel, and their employees, provided that they agree in writing to abide by this

protective order or execute FTC Form X33-Nondisclosure Agreement for
Contractors;

f)      any person who had prior access to the particular Confidential Material or
participated in a communication that is the subject of the particular
Confidential Material may view that particular Confidential Material;

g)      witnesses and their counsel, provided that they agree in writing to abide by
this protective order;

h)      to court reporters and professional vendors to whom disclosure is
reasonably necessary; and

i)      any other persons as the parties may agree to in writing or as the Court
may order.

8.      Disclosure of Confidential Material to any person described in Paragraph 7 shall
be only for the purposes of the preparation and hearing of this proceeding, or any appeal,
therefrom, and for no other purpose whatsoever. Provided, however, that the Commission may,
subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose
confidential material as provided by Sections 6 and 21 of the Federal Trade Commission Act
(*see, e.g.*, 15 U.S.C. §§ 57b-2, 46(f), and 46(k) and 16 C.F.R. § 4.10-4.11); or any other legal
obligation imposed upon the Commission.

9.      If a party (the "Receiving Party") is served with a discovery request, subpoena or
an order issued in other litigation that would compel disclosure of any Confidential Material, the
Receiving Party must notify the party that designated the Confidential Material, in writing (by
email or fax, if possible) and include a copy of the discovery request, subpoena or order, as soon
as reasonably practicable. The Receiving Party must also immediately inform the person who
caused such discovery request, subpoena or order to issue in the other litigation that some or all
of the material covered by the request, subpoena or order is the subject of this Order. The
Receiving Party must also deliver a copy of this Order to the person who caused the discovery
request, subpoena or order to issue in the other litigation. The purpose of this provision is to alert

all interested persons to the existence of this Order and to afford the designating party a fair and reasonable opportunity to protect its confidentiality interests in the court from which the discovery request, subpoena or order issued. It shall be the designating party's responsibility to timely act to object to, or to move for a protective order against, production of anything that has been designated Confidential Material.

10.     To the extent that any discovery is sought from a person or entity who is not a party to this litigation, and in the event such third party or any of the parties hereto contend the discovery sought from the third party by a requesting party involves Confidential Material, then such third party may agree to be bound by this Order and to produce documents in compliance with this Order, and to so notify all parties to this litigation in writing. In the event such third party agrees to be bound by this Order, then the provisions of this Order are to apply to that party.

11.     Confidential Material shall only be filed with a motion to seal the material, in compliance with S.D. Fla. Local Rule 5.4, which motion shall be filed by the party seeking to file the Confidential Material.

12.     At the conclusion of this case, any consultant or other person retained to assist counsel in the preparation of this action shall destroy or return all Confidential Materials and any other materials containing confidential information. All Confidential Materials held by the parties shall be destroyed or returned to the designee, except that the FTC shall retain, return, or destroy Confidential Materials in accordance with Rule 4.12 of the FTC's Rules of Practice.

13.     This Order continues to govern Confidential Information after conclusion of the case absent further order of the Court.

14. A PARTY'S MARKING OF A DOCUMENT AS CONFIDENTIAL IS NOT BINDING ON THE COURT.

Accordingly, it is hereby ORDERED AND ADJUDGED that the Consent Motion for Entry of Protective Order (DE 105) is GRANTED.  The foregoing Protective Order shall constitute an order of this Court.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this _10_ th day of

_____JULY_____, 2015.

_____
Kenneth A. Marra
United States District Judge

Copies furnished to:

Magistrate Judge William Matthewman
All counsel of record

6